UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUDOLPH V. BROWN, JR.,

        Plaintiff,

vs.                      Case No. 2:09-cv-498-FtM-29DNF

SUNCOAST BEVERAGE SALES, LLP,
Florida limited liability
partnership,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. #5) filed on July 31, 2009. Plaintiff filed a Memorandum in Opposition (Doc. #20) on January 20, 2010.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

(2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

On July 17, 2009, Rudolph V. Brown, Jr. (plaintiff or Brown), an African-American male, filed a Complaint (Doc. #2) in state court against Suncoast Beverage Sales, LLP (defendant or Suncoast), his employer and an Anheuser-Busch wholesale distributor. The Complaint was later removed to federal court based on federal question jurisdiction.

Brown was hired in 1993, as a team leader/truck driver, and was employed for approximately 13 years. By the end of his employment, he was supervising and coaching a team of account managers, sales representatives, and delivery drivers. On May 24,

2006, while Brown was on break in a restaurant having breakfast, approximately 50 cases of beer went missing from his truck. As soon as he realized the beer was missing, Brown reported it to the Warehouse Manager and asked for assistance. On May 26, 2006, defendant was terminated on the assumption that he stole the missing beer. Brown denied the theft or any misconduct and had never previously been accused of anything similar. Brown offered to have the cost of the missing beer deducted from his pay, pursuant to Suncoast's policy regarding beer shortages, but to no avail. Other employees who lost or stole products were treated more favorably than Brown.

After his termination from employment, Brown was arrested and charged with grand theft. On or about May 30, 2007, almost a year later, the state dropped charges finding insufficient evidence to prosecute.

Brown has complied with all conditions precedent to filing suit and seeks damages for discrimination under the Florida Civil Rights Act of 1992, for defamation, intentional infliction of emotional distress, malicious prosecution, and for race discrimination under 42 U.S.C. § 1981.

### III.

Defendant seeks the dismissal of Count II (defamation) and Count III (intentional infliction of emotional distress) for failure to state a claim.

**A.**

A claim for defamation requires: (1) publication; (2) falsity; (3) the actor must act at least negligently on a matter concerning a private person; (4) actual damages; and (5) a defamatory statement. Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008). "[A] defamatory statement is one that tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation." Id. at 1108-09. Community is defined as a "substantial and respectable minority" of the community, not the community at large. Id. at 1115. Defamation by implication, where a literally true statement creates a false impression, is also recognized as a basis for recovery. Id. 1106, 1108. Damage to reputation is not a predicate to a defamation action. Id. at 1110.

Brown specifically alleges that he was falsely accused of a criminal act (grand theft); Suncoast negligently published this information to others with actual malice and reckless disregard for the truth; the falsity of the statement caused injury to Brown and his reputation; and Brown suffered damages as a result of compelled self-publication. (Doc. #2, ¶¶ 39-42.) Defendant argues that the defamation claim is precluded because the only alleged publication is self-publication. Suncoast is correct that the doctrine of compelled self-defamation is a recognized exception to the

publication to a third-person requirement under Florida law, <u>Valencia v. Citibank Int'l</u>, 728 So. 2d 330 (Fla. 3d DCA 1999), however plaintiff also alleges that <u>Suncoast</u> published the false statement. Therefore, taking all allegations as true, the Court finds that plaintiff has stated a plausible cause of action for defamation.

Defendant also argues that plaintiff cannot show that the statement was made during the course of employment by an employee regarding Brown's actual performance of duties at work. Plaintiff alleges that defendant made the false statement of a crime, without specifying a particular employee, which is actionable *per se*. <u>See, e.g.</u>, <u>Spears v. Albertson's, Inc.</u>, 848 So. 2d 1176, 1179 (Fla. 1st DCA 2003)(spoken words imputing a criminal offense actionable *per se*)(collecting cases). The Court finds the allegations to be sufficient, and the motion will be denied as to Count II.

**B.**

To show intentional infliction of emotional distress, Brown must show that:

> (1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
>
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
>
> (3) the conduct caused emotion[al] distress; and
>
> (4) the emotional distress was severe.

Gallogly v. Rodriguez, 970 So. 2d 470, 471 (Fla. 2d DCA 2007)(citations omitted). The outrageous conduct must be so extreme in degree as to go beyond all possible bounds of decency, be regarded as atrocious, and intolerable in a civilized community. Byrd v. BT Foods, Inc., 948 So. 2d 921, 928 (Fla. 4th DCA 2007)(quotations and citations omitted). Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993)(quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)).

Defendant argues that a single publication only gives rise to a single action, and the outrageous conduct must be separate from the defamation. It is true that a single wrongful act requires a single cause of action as the damages would all stem from the same injury. Mims v. Reid, 98 So. 2d 498 (Fla. 1957). Plaintiff alleges race discrimination, wrongful termination, unequal treatment in the workplace, a false public accusation of a crime of dishonesty, and arresting plaintiff in front of his own children. (Doc. #2, ¶ 48.) Plaintiff's allegations of intentional infliction of emotional distress do not rest solely on the defamation claim, and a claim of intentional infliction of emotional distress need not be connected to another actionable wrong, Dominguez v. Equitable Life Assurance Soc. of U.S. 438 So. 2d 58 (Fla. 3d DCA 1983). Therefore, the Court finds that Count III is not based on

the single publication that forms the basis of the defamation count. The motion will be denied on this basis.

Defendant also argues that the alleged conduct is insufficient to amount to intentional infliction of emotional distress. The Court agrees that the conduct described in paragraph 48 of the Complaint is insufficiently severe to sustain a claim for intentional infliction of emotional distress. See, e.g., Valdes v. GAB Robins N. Am., Inc., 924 So. 2d 862, 866 (Fla. 3d DCA 2006)(investigating and then making false statements to state agency which lead to plaintiff's arrest was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society."), review denied, 949 So. 2d 200 (Fla. 2007); Valdes v. GAB Robins N. Am., Inc., 924 So. 2d 862, 866 (Fla. 3d DCA 2006)(being charged with fraud and being arrested in connection with the alleged fraud, and then having charges dropped, not sufficiently outrageous); Koutsouradis v. Delta Air Lines, Inc., 427 F.3d 1339, 1345 (11th Cir. 2005)(insults and indignities do not support claim for intentional infliction of emotional distress); Williams v. Worldwide Flight Servs., Inc., 877 So. 2d 869, 870-71 (Fla. 3d DCA 2004)(constant use of derogatory racial terms like "nigger" and "monkey" in front of employee and other employees, and false accusations do not rise to level of outrageous conduct for intentional infliction of emotional distress); Legrande v. Emmanuel, 889 So. 2d 991, 995 (Fla. 3d DCA

2004)(clergyman falsely branded a thief in front of parishioners failed to state claim of intentional infliction of emotional distress); Southland Corp. v. Bartsch, 522 So. 2d 1053 (Fla. 5th DCA 1988)(7-Eleven pressing charges for theft of gum by a 6 year, although charges later dropped, not found to be outrageous); Dowling v. Blue Cross of Fla., Inc., 338 So. 2d 88 (Fla. 1st DCA 1976)(employees falsely accused of sexual relations at workplace without a reasonable investigation to show that never occurred not sufficiently severe as employer had legal right to terminate at will employees). The motion to dismiss Count III will be granted on this basis.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. #5) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to Count II (defamation) and granted as to Count III (intentional infliction of emotional distress), which is dismissed. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_10th\_\_ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record